OPINION OF THE COURT
Cynthia S. Kern, J.
The primary issue in this case is whether the City of New York should be able to take advantage of its undisputed misclassification of a property to cause the property to have a permanently higher assessed value which cannot be challenged. As will be explained more fully below, the court finds that the City should not be allowed to take advantage of its erroneous classification to permanently increase the assessed value of a property.
Petitioner JAM Enterprise, LLC commenced the instant action seeking a judgment declaring that (1) respondents erroneously misclassified certain property since 2001/2002 and that the 2010/2011 and 2011/2012 assessments on said property are not in accordance with the statutory limitation; and (2) the assessed value for tax year 2010/2011 be set at $137,100 and the assessed value for tax year 2011/2012 be set at $148,068 in accordance with RPTL 1805 (2). JAM now moves for summary judgment on the above claims and to consolidate the two RPTL article 7 proceedings captioned above. Respondents the Tax Commission of the City of New York and the Commissioner of Finance of the City of New York (hereinafter respondents) cross-move for summary judgment seeking a declaration that no recalculation of assessed values is warranted for tax years 2010/ 2011 and 2011/2012. For the reasons set forth below, JAM’s motion is granted in part and denied in part and respondents’ cross motion is denied.
The relevant facts are as follows. The instant proceedings concern property owned by petitioner in a building located at 20 East 17th Street, New York, New York (the building). Petitioner’s property is unit CU1, a single commercial unit in the building (the subject property). The building filed its declaration as a condominium building on or about April 12, 2000. The declaration’s schedule B lists a total of eight condominium units in the building: three commercial units (lots 1101-1103) and five residential units (lots 1104-1108). Schedule B also shows that the building has approximately 11,017 square feet in residential space and approximately 7,175 square feet in commercial space, showing that the building is approximately 61% residential.
*764 The subject property is currently classified for the 2012/2013 tax year in tax class two, subclass 2C by the New York City Department of Finance (DOF). The DOF defines tax class two, subclass 2C as cooperatives and condominiums with 2-10 units. From tax years 2001/2002 through and including 2009/2010, the DOF classified the subject property as tax class four. It was not until the 2010/2011 tax year that the DOF corrected this error and changed the classification of the subject property to tax class two, subclass 2C. It is undisputed that the property should have been classified in tax class two in 2001/2002.
In 2010, petitioner filed a protest application with the Tax Commission challenging the subject property’s assessed value for the 2010/2011 tax year based on this change in classification. The Tax Commission conducted a hearing on May 26, 2010 to review petitioner’s application but made no offer to reduce the assessed value. The Tax Commission’s determination of assessments was deemed final as of May 25, 2010. Petitioner thereafter commenced an article 7 proceeding on or about October 15, 2010 in Supreme Court, New York County, index No. 258429/ 10, appealing the Tax Commission’s determination.
In 2011, petitioner again filed a protest application with the Tax Commission challenging the subject property’s assessed value for the 2011/2012 tax year. The Tax Commission conducted a hearing on November 29, 2011 to review petitioner’s application, but again it made no offer to reduce the assessed value, finding that the “evidence supported the assessed value.” The Tax Commission’s determination of assessments was deemed final as of May 25, 2011. Petitioner thereafter commenced an article 7 proceeding on or about October 20, 2011 in Supreme Court, New York County, index No. 261237/11, appealing the Tax Commission’s determination.
As an initial matter, petitioner’s motion for consolidation is granted. Pursuant to CPLR 602 (a), when actions involving a common question of law or fact are pending before a court, the court may, upon motion, order the actions to be decided jointly. (See CPLR 602 [a].) Further, pursuant to RPTL 710, “[a] justice before whom separate petitions to review assessments of real property are pending may on his own motion consolidate or order to be tried together two or more proceedings where the same grounds of review are asserted and a common question of law or fact is presented.” Here, the two proceedings should be consolidated as they involve common questions of law and fact. In both proceedings, petitioner challenges the assessment values *765 for the same property but for different tax years and the same grounds of review are asserted. Respondents’ assertion that consolidation is inappropriate because petitioner did not serve the verified or certified income and expense statement for the subject property for each of the tax years under review, as required by the Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR) § 202.60 (f), is without merit. In both proceedings, the issue of valuation of the property is not at issue. Rather, the issue is one of classification of tbe subject property as a matter of law. Thus, petitioner’s failure to produce income and expense statements for the subject property does not preclude consolidation of the actions. Therefore, that part of petitioner’s motion which seeks to consolidate the two article 7 proceedings captioned above is granted.
The court next turns to JAM’s motion for summary judgment declaring that respondents erroneously misclassified the subject property since 2001/2002 and that the 2010/2011 and 2011/2012 assessments on said property are not in accordance with the statutory limitation found in RPTL 1805 (2). Petitioner has established its right to summary judgment as it has shown that the subject property was erroneously classified as tax class four from the tax years 2001/2002 through and including 2009/2010 and that the 2010/2011 and 2011/2012 assessments on the subject property are thus not in accordance with the assessment cap laid out in RPTL 1805 (2). This court adopts petitioner’s argument that the assessments of the subject property for tax years 2010/2011 and 2011/2012 should be recalculated based on what the prior assessments would have been had the property been correctly classified in tax class two from tax year 2001/ 2002 and thus been afforded the benefits of RPTL 1805 (2). To rule otherwise would allow the City to take advantage of its erroneous classification of the property at the expense of unknowing property owners.
As an initial matter, it is undisputed that the subject property was erroneously classified by the DOF as tax class four from the tax years 2001/2002 through and including 2009/2010 when it should have been classified as tax class two. Properties in tax class two, which have fewer than 11 residential units, enjoy the benefit of an assessment cap pursuant to RPTL 1805 (2). RPTL 1805 (2) states as follows:
“The assessment roll of a special assessing unit wholly contained within a city shall identify those parcels classified in class two which have fewer than *766 eleven residential units. The assessor of any such special assessing unit shall not increase the assessment of any parcel so identified in any one year, as measured from the actual assessment on the previous year’s assessment roll, by more than eight percent and shall not increase such assessment by more than thirty percent in any five-year period. The first such five-year period shall be measured from the individual assessment appearing on the assessment roll completed in nineteen hundred eighty-one provided that, if such parcel would not have been subject to the provisions of this subdivision in nineteen hundred eighty-one had this subdivision then been in effect, the first such five-year period shall be measured from the first year after nineteen hundred eighty-one in which this subdivision applied to such parcel or would have applied to such parcel had this subdivision been in effect in such year.”
Thus, RPTL 1805 (2) limits how high the DOF can increase an assessment from year to year on properties classified as tax class two. Specifically, the assessment shall not be increased by more than eight percent annually and by more than 30% in any five-year period.
The assessment values for the subject property for tax years 2010/2011 and 2011/2012 must be recalculated in accordance with RPTL 1805 (2) as they were based on inflated assessments from previous years when the property was misclassified as tax class four. Pursuant to RPTL 1805 (2), the first five-year period for the assessment cap for the subject property should have been “measured from the first year after nineteen hundred eighty-one in which [RPTL 1805 (2)] applied to such parcel.” The first year after 1981 in which RPTL 1805 (2) applied to the subject property was 2001/2002, the first tax year after the subject property became a condominium in a building with fewer than 11 residential units, when the subject property should have been classified as tax class two. However, respondents measured the start of the five-year period from the first year it properly classified the subject property, tax year 2010/2011. The subject property was only denied the benefits of RPTL 1805 (2) due to the DOF’s misclassification of the subject property from the years 2001/2002 through and including 2009/2010. Thus, the assessment value of the subject property for tax years 2010/ 2011 and 2011/2012 is significantly higher than it should be due *767 to the City’s error. This court finds that respondents should not be allowed to take advantage of their own misclassification of a property in order to have a permanently higher assessment on said property. This is particularly true in a case like this which involves a small property with fewer than 11 units and less sophisticated landlords who may not discover that the property is misclassified. Therefore, the assessment value of the subject property for tax years 2010/2011 and 2011/2012 must be recalculated pursuant to RPTL 1805 (2).
Respondents’ assertion that petitioner is not entitled to the relief it seeks because it did not timely contest the subject property’s tax classification from the tax years 2001/2002 through and including 2009/2010 is without merit. Timeliness is not an issue as petitioner is not seeking to change the assessment value of the property for the years 2001/2002 through and including 2009/2010 nor is it seeking a tax refund for the years when the subject property was misclassified by the DOF. Rather, petitioner is seeking to reassess the value of the subject property during those years in order to properly assess the value of the subject property for the tax years at issue — 2010/2011 and 2011/2012 — tax years for which petitioner did timely challenge the subject property’s assessments.
Respondents’ reliance on the cases Epstein v Tax Commn. of the City of N.Y. (index No. 24024/89, Sup Ct, Kings County, Apr. 16, 1990, Leone, J.) and Brigandi v Finance Adm’r. (index No. 28369/90, Sup Ct, Kings County, Oct. 16, 1991, Leone, J., affd on op below 201 AD2d 646 [2d Dept 1994]) is misplaced. Brigandi is distinguishable as that case did not involve an erroneous classification of a property. Rather, that case involved a proper change in the classification of the property due to the 1990/1991 amendment to RPTL 1805 and not due to any error on the part of the City. Further, to the extent that Epstein mirrors the facts and circumstances of the case at hand, the court declines to follow the precedent set in that case. The court in Epstein granted summary judgment to the City on the ground that the petitioner failed to timely challenge the assessment value of the property for each tax year that the property was incorrectly classified by the City. However, to follow such a decision would provide the City with an incentive to either negligently or intentionally misclassify property in order to maintain a permanently higher assessment on such property at the expense of unknowing property owners. Thus, petitioner’s motion for summary judgment seeking a declaration that respondents erroneously misclassified *768 the subject property since 2001/2002 and that the 2010/2011 and 2011/2012 assessments on the subject property are not in accordance with RPTL 1805 (2) is granted. Respondents are therefore directed to recalculate the assessments of the subject property for tax years 2010/2011 and 2011/2012 in accordance with the statutory limitations on increases of assessments pursuant to RPTL 1805 (2). Thus, respondents’ cross motion for an order pursuant to CPLR 3212 which seeks a declaration that no recalculation of assessed values is warranted for tax years 2010/ 2011 and 2011/2012 is denied.
However, that portion of petitioner’s motion for an order pursuant to CPLR 3212 which seeks a declaration that the assessed value for tax year 2010/2011 be set at $137,100 and the assessed value for tax year 2011/2012 be set at $148,068 in accordance with RPTL 1805 (2) is denied as the court declines to declare a specific assessment of the subject property for the two tax years in question. The parties are directed to settle orders on 10 days’ notice to each other advocating for a method of calculation and show that calculation method in the proposed order. If the parties are able to agree on a calculation and a resulting assessment for the years at issue herein, then the parties may jointly submit a stipulation to the court rather than proposed orders.
Wherefore, it is hereby ordered that the subject property is declared to be erroneously assessed from tax year 2001/2002 through and including 2009/2010 for purposes of the assessments for tax years 2010/2011 and 2011/2012; and it is further ordered that respondents are directed to recalculate the assessments of the subject property for tax years 2010/2011 and 2011/ 2012 in accordance with the statutory limitations on increases of assessments pursuant to RPTL 1805 (2) based on the correct assessments for the subject property from tax year 2001/2002 through and including 2009/2010; and it is further ordered that the parties are directed to settle orders to implement this decision on 10 days’ notice, advocating for the assessments for the subject years in a specific amount and showing all calculations in support thereof, or, in lieu thereof the parties may submit a stipulation setting forth the assessments agreed upon; and it is further ordered that the above captioned petitions be consolidated for all further proceedings.